IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| R.L. HOLMES & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-cv-0960-MJR |
| | ) | |
| PENZEL CONSTRUCTION CO., INC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

Six weeks ago, R.L. Holmes & Associates, Inc. ("Holmes") filed suit in this Court seeking over $325,000 from Penzel Construction Company and alleging breach of an oral contract relating to construction work at a job site in Marion, Illinois. Holmes asserted subject matter jurisdiction based on the diversity statute, 28 U.S.C. § 1332. The complaint revealed that the parties were completely diverse, and the amount in controversy easily survived the over-$75,000 threshold.

On December 29, 2006, Holmes moved to voluntarily dismiss the action, because – since the inception of the lawsuit – Penzel has made payments to Holmes "causing the total balance due Plaintiff [Holmes] to be less than $75,000" (Doc. 5, p. 1). Based on this fact, Holmes advised the Court that: "federal jurisdiction over the litigation is not longer available," and Holmes "desires to commence its action in a court with proper jurisdiction over collection of the remaining balance due" (*id.*, p. 2).

Holmes' dismissal motion cites Federal Rule of Civil Procedure 41(a). That Rule authorizes a plaintiff to voluntarily dismiss a lawsuit by filing a notice of dismissal any time prior to service by the adverse party of an answer or a summary judgment motion. Because Penzel has filed neither an answer nor a summary judgment motion herein, Holmes may voluntarily dismiss this suit under Rule 41(a) without Court Order.

However, prior to acting on that notice and closing this case, one point requires clarification. Holmes' motion incorrectly assumes that this Court lost subject matter jurisdiction once Penzel's post-litigation payments resulted in the amount due falling below $75,000. That is why Penzel asks to dismiss the suit here and "commence its action in a court with proper jurisdiction" (Doc. 5, p. 2).

But the law of this Circuit holds that subject matter jurisdiction is determined at the moment the case is *commenced in* (or removed to) federal court. If jurisdiction exists at that moment, it is not divested by subsequent events. *See Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1025-26 (7th Cir. 2006); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

Ten years ago, the Seventh Circuit reversed a District Court's dismissal for lack of jurisdiction and emphasized:

> It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed.... **More particularly, if the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction.** St. Paul Mercury Indem. Co. v. Red

>Cab Co., 303 U.S. 283, 289-90 ... (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit [for diversity jurisdiction] do not oust jurisdiction."); Pratt Cent. Park Ltd. Partnership v. Dames & Moore, Inc., 60 F.3d 350, 351 (7th Cir.1995).

*Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(emphasis added). *Accord Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 799 (7th Cir. 1980)(events which reduce the amount in controversy to less than the jurisdictional minimum do not divest the court of jurisdiction).

In the case at bar, Rule 41(a) plainly permits Holmes to voluntarily dismiss this suit. But any dismissal herein must be based on Holmes' Rule 41(a) election, *not* on the ground that the Court lacks subject matter jurisdiction.

To ensure that Holmes wants to voluntarily dismiss under Rule 41(a) even though this Court still enjoys jurisdiction, the Court **DIRECTS** Holmes' counsel to file a "Memorandum Regarding Rule 41 Dismissal" by **January 15, 2007**. The memorandum need only state whether Holmes wants to proceed with the Rule 41 dismissal. If so, the Court promptly will enter an Order of Dismissal.

IT IS SO ORDERED.

DATED this 3rd day of January 2007.

s/ Michael J. Reagan<br>
MICHAEL J. REAGAN<br>
United States District Judge